# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 19-924V
UNPUBLISHED

|  |  |
|---|---|
| LISA SIMMONS, | Chief Special Master Corcoran |
| Petitioner, | Filed: September 28, 2020 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*John Robert Howie, Howie Law, PC, Dallas, TX, for petitioner.*

*Jeremy Fugate, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING DAMAGES[1]

On June 25, 2020, Lisa Simmons filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused by an influenza vaccine administered on October 21, 2016. Petition at 3. Petitioner further alleges that she experienced the symptoms of her injury for more than six months, that she has not received an award or settlement for her vaccine0relate injuries, and that the vaccine was administered within the United States. Petition at 1, 13. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 25, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On September 28, 2020, Respondent filed a proffer

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

on award of compensation ("Proffer") indicating Petitioner should be awarded $60,000.00. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $60,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**


**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LISA SIMMONS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 19-924V |
| ) | Chief Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.      Items of Compensation**

On September 25, 2020, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. On the same day, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA"). Based upon the evidence of record, respondent proffers that petitioner should be awarded $60,000.00. The award is comprised of the following: $60,000.00 for pain and suffering. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.      Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$60,000.00**, in the form of a check payable to petitioner.[1]   Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

<div style="margin-left:40%">

Respectfully submitted,

JEFFERY BOSSERT CLARK
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ JEREMY C. FUGATE
JEREMY C. FUGATE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 598-3831
Jeremy.Fugate2@usdoj.gov

</div>

Dated: September 25, 2020

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.